UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL A. VEGA, as administrator of Estate of PAUL AARON FRENCH, and on behalf of, DIXIE VEGA, minor G.L.F., and the ESTATE OF PAUL AARON FRENCH and PAUL AARON FRENCH'S heirs-at-law; and DIXIE VEGA, individually,<br><br>Plaintiffs,<br><br>v.<br><br>DALLAS COUNTY, TEXAS; and STEFAN DESHAY ROSS,<br><br>Defendants. | § § § § § § § § § § § § § § § § § §  CIVIL ACTION NO. 3:22-cv-02702-E<br><br>JURY DEMANDED |

# AGREED FINAL JUDGMENT

The Court considered by submission the proposed settlement by and between Michael A. Vega, as administrator of Estate of Paul Aaron French, and on behalf of, Dixie Vega, minor G.L.F., and the Estate of Paul Aaron French and Paul Aaron French's heirs-at-law; and Dixie Vega, individually ("Plaintiffs") and Dallas County, Texas and Stefan Deshay Ross ("Defendants").

On June 10, 2024, the Court appointed a guardian *ad litem* to review the terms of the parties' settlement agreement to determine the fairness to the minor child, G.L.F. (ECF No. 63). The parties filed their Release and Settlement Agreement with the Court ("Settlement Agreement"). (ECF No. 68). The guardian *ad litem* filed with the Court a confidential report regarding the fairness to the minor of the

proposed settlement. After considering the proposed settlement, the pleadings and other papers on file, and the report of the guardian *ad litem*, Retired Chief Justice Carolyn Wright, the Court finds the proposed settlement, as it is set forth in the Settlement Agreement, to the extent it affects the minor beneficiary, to be fair, adequate, and reasonable.

Plaintiffs and Defendants waived trial regarding Plaintiffs' claims against Defendants, based on Defendants paying upfront cash and future periodic payments with the total combined present cost of ▮▮▮▮▮▮▮▮ and compromise and settlement of any and all claims, debts, obligations, or causes of action that Plaintiffs have or may have arising from the incident giving rise to this lawsuit.

The Court finds that the liability of Defendants is uncertain, indefinite, and incapable of being conclusively established as a matter of law prior to trial, and the nature and extent of injuries or damages to Plaintiffs are uncertain, indefinite, and incapable of being conclusively established as a matter of law prior to trial, and being fully informed with respect to these facts, Defendants and Plaintiffs have agreed to compromise and settle this case.

The Court finds that Plaintiffs, Defendants, and the guardian *ad litem* desire a judgment be entered approving the Settlement Agreement relating to the settlement described in this judgment and effecting periodic payments to be made pursuant to the Addendum to the Release and Settlement Agreement.

The obligation to make periodic payments described in the Addendum to the Release and Settlement Agreement may be assigned to Mutual of Omaha Structured Settlement Company and funded by an annuity contract issued by United of Omaha Life Insurance Company, rated A+XV by A.M. Best Company, and A+ by Standard and Poor's.

IT IS THEREFORE ORDERED that the rights to receive periodic payments granted to the G.L.F. referenced in the Addendum to the Release and Settlement Agreement and in this Final Agreed Judgment may not be sold, transferred, hypothecated, pledged, or otherwise alienated in any manner, directly or indirectly, without the prior approval of this Court, as evidenced by an order approving such transaction in compliance with all requirements of the Structured Settlement Protection Act §§ 141.001, Texas Civil Practices and Remedies Code, as it now exists or may hereafter be amended, or any successor to such statute. Any purported or attempted sale, transfer, hypothecation, pledge, or other alienation of such payment rights that has not been so approved will be a direct violation of this order.

IT IS FURTHER ORDERED that the settlement between Plaintiffs and Defendants, reflected in the Settlement Agreement is hereby approved in all respects.

IT IS FURTHER ORDERED that no later than 14 business days after the date of this order, a payment of ▮▮▮▮▮ by or on behalf of Defendants, shall be made to Retired Chief Justice Carolyn Wright for her services as guardian ad

made to Retired Chief Justice Carolyn Wright for her services as guardian ad litem.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiffs shall recover from or on behalf of Defendants the payments set forth in the Settlement Agreement, the payments having a total combined present cost of █████, apportioned as █████ for wrongful death claim damages and █████ for survival claim damages, and shall be paid by or on behalf of Defendants as follows:

- █████ to Dixie French Vega, individually, for her net portion (after payment of attorneys' fees and expenses) of wrongful death claim damages;

- █████ to Sean Thomas Hammond, individually, for his net portion (after payment of attorneys' fees and expenses) of wrongful death claim damages;

- █████ to Law Offices of Dean Malone, P.C. for attorneys' fees and expenses;

- █████ to Legacy Enhancement; and

- █████ (█████ for her net portion [after payment of attorneys' fees and expenses] of wrongful death claim damages and █████ for her net portion [after payment of attorneys' fees and expenses] of survival claim damages) to be used for the funding of periodic payments for G.L.F. as outlined in the Addendum to the Release and Settlement Agreement.

This judgment is a final judgment, adjudicating and disposing of all issues, claims, and parties in this case.

**SIGNED** on the 13th day of September, 2024.

Ada Brown
UNITED STATES DISTRICT JUDGE